IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| AWAL MOHAMMED, #541248-037 | * | |
| Petitioner | * | |
| v. | * | CIVIL NO. JKB-14-3352 |
|  |  | CRIM. NO. JKB-12-0005 |
|  | * | |
| UNITED STATES OF AMERICA | | |
|  | * | |
| Respondent | | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Now pending before the Court is Petitioner's request that his conviction be vacated pursuant to 28 U.S.C. § 2255. The request will be DENIED.

The Court has carefully reviewed the Petitioner's MOTION TO VACATE, including attachments (ECF No. 192), the Government's RESPONSE, including attachments (ECF No. 198), and the Petitioner's REPLY, including attachments (ECF No. 207). The Court has also refamiliarized itself with the entire record in this case.

When measured against the standards set out in *Strickland v. Washington,* 466 U.S. 668 (1984), it is clear that the Defendant received the effective assistance of counsel in the litigation of this criminal case. Even though a defendant does not possess a right to appointed counsel of his choice, the Court allowed him to dismiss his first two appointed lawyers with whom he claimed difficulties. The Defendant's case finally proceeded to trial in the capable hands of attorney Richard Bardos, a lawyer who fought for the Defendant every inch of the way, and who succeeded in gaining acquittal on a major count. Mr. Bardos faced the considerable challenge of

sustaining a relationship with a client who had soured on his first two lawyers, and Mr. Bardos shrewdly and quickly concluded that the first two relationships foundered when counsel attempted to persuade the Defendant to accept a plea bargain. Mr. Bardos understandably went in a different direction. There is no evidence in the record to indicate that Mr. Bardos failed to communicate a plea offer to the Defendant. At most, he failed to attempt to restart plea negotiations that had previously failed. In context, this was not "ineffective assistance." His strategy to concentrate on battling the Government at trial was entirely appropriate in light of the Defendant's clear instructions as well as the issues that had developed with the first two lawyers.

The record indicates that the Defendant wanted a vigorous defense on the facts at a jury trial, and without a doubt that is exactly what Mr. Bardos provided. His representation easily meets the Strickland objective standard of reasonableness. The Court is unable to identify errors that Mr. Bardos made, but if there were any, they did not affect the result of the proceeding. The Petitioner fails on both the performance and prejudice prongs of Strickland.[1]

The Petitioner has failed to carry his burden. No hearing is justified as the papers and record are sufficient to decide the issues. Accordingly, an Order will issue denying the MOTION TO VACATE (ECF No. 192).

DATED this 28th day of July, 2015.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge

---

[1] The Court notes that the Petitioner raises several other complaints concerning Mr. Bardos' performance, but upon careful review, none are substantial. None warrant vacation of the conviction.