IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AWAL MOHAMMED | * | |
| Petitioner, | | CIVIL ACTION NO. JKB-16-3195 |
| v. | * | CRIMINAL ACTION NO. JKB-12-005 |
| UNITED STATES OF AMERICA | * | |
| Respondent. | | |
| | ***** | |

**<u>MEMORANDUM</u>**

On September 19, 2016, Awal Mohammed filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody attacking his 2013 conviction, claiming that he is actually innocent of the "higher-margin of error" amount of heroin that increased his statutory mandatory minimum sentence. *United States v. Mohammed*, Criminal No. JKB-12-005 (D. Md.) at ECF No. 238. For reasons to follow, the motion shall be dismissed without prejudice.

Mohammed was convicted of one count of possession with intent to distribute heroin and conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841 & 846. On June 18, 2013, the Court sentenced Mohammed to concurrent 136-month terms in the U.S. Bureau of Prisons, imposed concurrent five-year terms of supervised release, and ordered Mohammed to pay a special assessment of $200.00. Judgment was entered on June 20, 2013.[1] *Id*. at ECF No. 154. On May 22, 2014, the United States Court of Appeals for the Fourth Circuit affirmed the criminal judgment. *See United States v. Mohammed*, 572 F. App'x 203 (4th Cir. 2014).

---

[1]    An amended judgment was entered on July 2, 2013. *United States v. Mohammed*, Criminal No. JKB-12-005 (D. Md.) at ECF No. 161.

On October 24, 2014, a self-represented motion to vacate was filed by Mohammed, raising ineffective assistance of counsel grounds. *United States v. Mohammed*, Criminal No. JKB-12-005 (D. Md.) at ECF No. 192. After briefing, the court reviewed all issues and denied the motion to vacate on July 28, 2015. A certificate of appealability was subsequently denied. *Id.* at ECF Nos. 210, 211, & 223. On April 6, 2016, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. *See United States v. Mohammed*, 643 F. App'x 308 (4th Cir. 2016).

The law is well-settled that the district court lacks jurisdiction to consider a second or successive motion filed under 28 U.S.C. § 2255 unless the motion has been certified in advance by a panel of the appropriate circuit court of appeals and found to contain newly discovered evidence bearing on the innocence of the movant, or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also United States v. Winestock,* 340 F.3d 200, 205 (4th Cir. 2003). In this case, Mohammed filed a prior § 2255 motion, which related to the same judgment and sentence that he presently challenges.

Mohammed neither states nor does the record show that he has obtained prior authorization from the Fourth Circuit to bring this 28 U.S.C. § 2255 action. In fact, on September 13, 2016, the Fourth Circuit denied Mohammed's motion for authorization under 28 U.S.C. § 2244. *See United States v. Mohammed*, Criminal No. JKB-12-005 (D. Md.) at ECF No. 237. Thus, being without authorization, this court is unable to hear Mohammed's claim. *Winestock,* 340 F.3d at 205. The motion must be dismissed for lack of jurisdiction. *See Evans v.*

*Smith*, 220 F.3d 306, 325 (4th Cir. 2000).[2]

An inmate who files a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion.  *See* 28 U.S.C. § 2253(c) (1). "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c) (2). The defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller- El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

When a district court dismisses a motion to vacate solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)).  The court declines to issue a certificate of appealability. The motion to vacate will be dismissed without prejudice for lack of jurisdiction.  A separate Order shall be entered reflecting the opinion set out herein.

---

[2]   The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization Order.  The procedural requirements and deadlines for filing the "motion" are extensive.  This court has attached hereto a packet of instructions promulgated by the Fourth Circuit that addresses the comprehensive procedure to be followed should Mohammed wish to seek authorization to file a successive petition. It is to be emphasized that the "motion" must be filed with the Fourth Circuit and authorization obtained before this court may examine Mohammed's claim.

Dated:  September 30, 2016                                    /s/
                                                 James K. Bredar
                                                 United States District Judge